JOHN W. CLARK, Respondent, *v.* ELLEN A. FARRELL, Appellant.

*Injunction pendente lite — laches will prevent its vacation.*

The main question involved in an action was as to the rights or easements the respective parties had in a certain gangway or alley, involving the construction of the deeds to the premises in question and the examination of witnesses as to the character of the use to which the gangway or alley was put.

An order to show cause why an injunction should not be granted was made in such action under date of September 10, 1894, and was served a short time thereafter, argument thereon was adjourned until November, 1894, and an injunction *pendente lite* was granted under date of November 9, 1894, from which an appeal was taken November 13, 1894, and the defendant, appellant, neglected from that date until April, 1895, to move the appeal.

*Held,* that, in view of the circumstances of the unexplained delay, the appellate court would leave the issue involved in the action in the situation in which the appellant herself had left it for so many months, until such time as, upon a trial, the issue could be deliberately passed upon, and that the injunction would not be vacated.

APPEAL by the defendant, Ellen A. Farrell, from an order of the Supreme Court, granted at the New York Special Term and entered in the office of the clerk of the county of New York on the 9th day of November, 1894, enjoining the defendant and her agents, attorneys and servants, and each of them, from building a roof over

the gangway adjoining premises No. 1 Batavia street in the city of New York, and from closing the gate of said gangway opening on said Batavia street, and from nailing or attaching or annexing to the rear of the premises No. 86 Roosevelt street anything whatsoever, and from in any manner interfering with the free and unobstructed use of the plaintiff's premises, No. 86 Roosevelt street.

*Charles I. McBurney*, for the appellant.

*James E. Kelly*, for the respondent.

O'BRIEN, J.:

The injunction order appealed from restrains the defendant from building a roof over a gangway, and from closing a gate, and from otherwise interfering with the gangway or alley, which is about four feet wide, extending the whole length of the rear of three houses and lots on Roosevelt street and one on Batavia street. The plaintiff owns the center one of the three houses on Roosevelt street and the defendant owns the corner of Roosevelt street and also the property on Batavia street. This latter property was conveyed to defendant in July, 1894, and the former, No. 84 Roosevelt street, in 1883. The plaintiff's property, No. 86 Roosevelt street, was purchased in 1892. Prior to the latter date it would appear that the three houses on Roosevelt street had been residence properties, with buildings designed for residences fronting on Roosevelt street, and with large yards in the rear abutting on the alley or gangway, with gates opening upon the alley; and that the property No. 1 Batavia street was a tenement property, the entrance to which opened upon the alley. Soon after the plaintiff took possession he added to his premises, No. 86 Roosevelt street, a brick extension from the rear of the former building to the side line of the alley. The wall of such extension abutting on the alley has no door or other entrance through or by which the extension may be entered from the alley, but has in the upper part a door opening above the alley for the hoisting or lowering of articles from or to the said alley, the plaintiff in this way adapting the building and premises to the business in which he is engaged of a carpenter and builder. On the first floor of his building, as extended, plaintiff has a window opening into the gangway, and on the second floor, as stated, a double

doorway or hoistway, by which to allow lumber and building material to pass from the building into the gangway and thence into Batavia street.

If, as claimed by plaintiff, and as would appear from the description in his deed, he has the right to half the alleyway; and if he can sustain his further contention that he has a right to adapt it to a use consistent with his business as a carpenter, then there can be no question but that the acts complained of — which consisted of placing boards on the side and constructing a roof over the alley, and putting a permanent gate at the entrance — would be an interference with the plaintiff's rights. The main question as to just what rights or easements the parties respectively had in the gangway or alley, involving as it does a construction of the deeds and the examination of witnesses as to the character of the use to which it was put, it would have been entirely proper to reserve until, after a trial, a complete determination of the respective claims could be had.

The order to show cause why the injunction should not be granted is dated September 10, 1894, and was served within a short time thereafter, and argument thereon was adjourned until November, the date of the injunction order being November ninth. The appeal was taken November 13, 1894, and the defendant and appellant has neglected from that date to the April term (1895) of this court to move the appeal. If she had been diligent, not only would there have been an opportunity of disposing of the appeal, but there could have been a trial of the action. We think that the circumstance of this unusual and unexplained delay should leave the question in the situation in which the defendant herself has left it for so many months, until such time as, upon a trial, the issues can be deliberately passed upon.

The order should be affirmed, with ten dollars costs and disbursements.

Van Brunt, P. J., and Follett, J., concurred.

Order affirmed, with ten dollars costs and disbursements.